## CIRCUIT COURT OF THE CITY OF ROANOKE

Softwise, Inc.

v.

Rana Goodrich, M.D., P.C., et al.

July 15, 2003

Case No. CL03-315

BY JUDGE CHARLES N. DORSEY

This matter is presently before the Court on the plaintiff's motion to disqualify defense counsel on a conflict basis. As I mentioned at the time of hearing in this matter, this matter has been properly, and professionally, raised by plaintiff's counsel and it has been properly, and professionally, resisted by defense counsel.

*Factual Background*

The plaintiff essentially contends that defense counsel's law firm ("defense firm"), more than ten years ago, represented plaintiff and continued to serve as registered agent for plaintiff until the initiation of the present lawsuit. Defense firm sets out, with more specificity, the scope of its representation in its memorandum in opposition to the plaintiff's motion. The factual background set out by defense firm is not controverted by plaintiff. Defense firm incorporated plaintiff's corporation in 1992 in Virginia and represented it with regard to its purchase of assets from another corporation. From 1992 through 2002, defense firm prepared "generic corporate minutes" for the plaintiff and another lawyer in that firm served as registered agent for the plaintiff. The same attorney served as registered agent and also served, for an unspecified time, on the corporate board of directors. Since 1992, however, regarding the plaintiff, the professional activities of defense firm have been limited to serving as registered agent and preparation of "generic corporate minutes" for plaintiff.

*Issue*

Defense counsel urges that the only issue is the two-part test contained in Rule 1.9 of the Virginia Rules of Professional Conduct.

Rule 1.9. *Conflict of Interest: Former Client.*

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless both the present and former client consent after consultation.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
>> (1) whose interests are materially adverse to that person; and
>>
>> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless both the present and former client consent after consultation.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
>> (1) use information relating to or gained in the course of the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or
>>
>> (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

The portion of the Rule cited by defense counsel, however, is only portion "(a)" of Rule 1.9 which also contains two other portions as set out above. The Court agrees, however, that the salient issue is whether the former representation and the present representation are "substantially related" as stated in Rule 1.9. If they are, a conflict results which may be cured by mutual consent. If they are not, there is no ethical conflict.

## Analysis

Inasmuch as present defense counsel is not the same attorney who incorporated the plaintiff, served initially on its board of directors, and served subsequently as its registered agent, Rule 1.10 pertaining to imputed disqualification is implicated. Rule 1.10, in pertinent part, mandates that, "while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so. . . ." Consequently, if there is any conflict on the part of the initial attorney in the defense firm, that conflict is imputed to present defense counsel.

Defense counsel also urges that there was never any attorney client relationship in existence with the plaintiff. Defense counsel concedes, however, that "the problem implicated by successive representation is the potential for the use of confidences gained from a former client to the detriment of that client. . . ." Defendant's Memorandum in Opposition P. 2. As has been made clear in numerous legal ethics opinions, when the expectation of confidentiality is implicated, it must be protected even though an attorney client relationship may not have arisen in other respects. See, Legal Ethics Opinion Nos. 1601, 1453, and 1457. I consequently find that an attorney client relationship between defense firm and the plaintiff, at least for the purposes of this analysis, was formed in 1992.

The issue then becomes whether the attorney-client relationship in 1992 was "substantially related" to the instant matter and whether any further representation after 1992 was "substantially related." It is clear and the Virginia State Bar Council has repeatedly stated, in legal ethics opinions, that earlier representation of a client who is now the adverse party in a lawsuit, is not *per se* sufficient to warrant disqualification of the lawyer on ethical grounds. See, Legal Ethics Opinion Nos. 1596, 1456, 1399, 1194, 1139.

Subsumed within the issue of whether there is a substantial relationship between the prior representation and the present representation is the issue of whether serving as a registered agent, without more, even constitutes the establishment of an attorney/client relationship. Defense counsel cites *Re Chantilly Construction Corp.*, 39 B.R. 466, 471 (Bankr. E.D. Va. 1984), for the proposition that such function does not even rise to the level of an attorney/client relationship. It is clear that mere familiarity with corporation operations or personalities of management, without more, is not a disqualifying conflict of interest. Legal Ethics Opinion 1596.

Consequently, it appears that the legal duties performed by defense counsel's law firm from 1992 until recently may not have constituted an

attorney/client relationship. It is unnecessary, however, to reach that conclusion in this case, and I decline to do so.

There is no "bright line" definition of "substantial relationship" in case law or legal ethics opinions which I have found. Judge Glen M. Williams of the United States District Court for the Western District of Virginia defined it as being "identical" or "substantially the same." See, *Rogers v. The Pittston Co.*, 800 F. Supp. 350 (W.D. Va. 1992) (citations omitted). That definition accords with the intuitive understanding of the phrase. Each[1] legal ethics opinion and case which I have reviewed is factually dependent. "Disqualification issues must be decided on a case by case basis." *Rogers, supra*. Regardless of the lack of such "bright line" definition, I believe it clear, under the facts of this case, that there is absolutely no relationship, much less a substantial relationship, between the present litigation and any work performed for plaintiff corporation by defense counsel's law firm in the past, including the period from 1992 until 2002.

However, sub-part "(c)" of Rule 1.9 requires that no information relating to the prior representation or gained in the course of the prior representation be used to the disadvantage of the former client who is now the plaintiff in this matter. The same rule prohibits revealing any information relating to that representation. Defense counsel and his law firm must continue to be mindful of sub-section (c) of Rule 1.9 mandating that he may not use or reveal information gained in the course of the prior representation except as specifically permitted by the Rules of Professional Conduct. This portion of the rule may present obstacles for defense counsel in continuing to represent the defendant as this case proceeds, but I believe I should only rule on the issues and the facts as they presently exist. Being unaware of any facts at the present time which cause a violation of Rule of Professional Conduct 1.9(c), I find that there is no present impermissible conflict of interest on the part of defense counsel but that he must continue to be sensitive to the dictates of sub-part "c" of that rule.

---

[1] This is best illustrated by *Rogers, supra.*, in which both sides of a conflict issue independently submitted their own set of facts to the Ethics Committee of the Virginia State Bar and each side received a reply favorable to its view.